UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
HALPERT ENTERPRISES, INC., derivatively on :   02 Civ. 9501 (SHS)
behalf of nominal defendant J.P. Morgan Chase & Co., :
               :    OPINION & ORDER
        Plaintiff,   :
               :
      -against-   :
               :
WILLIAM B. HARRISON, JR., HANS W.   :
BECHERER, RILEY P. BECHTEL, FRANK A. :
BENNACK, JR., LAWRENCE A. BOSSIDY,  :
M. ANTHONY BURNS, H. LAURANCE FULLER, :
ELLEN V. FUTTER, WILLIAM H. GRAY, III, :
HELENE L. KAPLAN, LEE R. RAYMOND,  :
JOHN R. STAFFORD, LLOYD D. WARD and :
MARINA v.N. WHITMAN,    :
               :
      Defendants,  :
               :
      and    :
               :
J.P. MORGAN CHASE & Co., a Delaware  :
Corporation,       :
               :
      Nominal Defendant. :
-----------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

   On March 28, 2005, this Court issued an Opinion and Order dismissing the amended complaint

in this action for failure to plead the futility of making a demand upon the Board of Directors of J.P.

Morgan Chase & Co. in conformity with the requirements of Fed. R. Civ. P. 23.1.  See Halpert Enters.,

Inc. v. Harrison, 362 F. Supp. 2d 426 (S.D.N.Y. 2005).  The Court granted plaintiff Halpert

Enterprises, Inc. leave to file a second amended complaint, which it has done.  Defendants have now

moved to dismiss that Verified Second Amended Shareholder Derivative Complaint ("Second

Amended Complaint").  That motion is granted because Halpert has failed to remedy the deficiencies

set forth in this Court's March 28, 2005 Opinion.

The Second Amended Complaint contains, as did its predecessor, claims against members of the Board of Directors of J.P. Morgan Chase & Co. (the "Directors," the "Board" or "defendants") for: 1) violating Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), in failing to disclose material liabilities in filings submitted to the Securities and Exchange Commission; 2) breaching fiduciary duties in failing to supervise and monitor J.P. Morgan Chase's operations and in failing to seek legal redress for harm to the company; 3) grossly mismanaging the bank; and 4) wasting the bank's assets. Halpert purports to bring all of its claims derivatively on behalf of the corporation, thereby triggering an obligation to adhere to the requirements of Fed. R. Civ. P. 23.1.

The Directors now move to dismiss the Second Amended Complaint – which is 147 pages long – on the ground that Halpert has not pled with requisite particularity that it would have been futile for Halpert to have made a demand on the Directors that J.P. Morgan Chase itself bring this action. In addition, the Directors urge that Halpert's Section 14(a) claim is merely a garden-variety breach of fiduciary duty claim and is, in part, moot. Defendants' motion to dismiss the Second Amended Complaint is granted, because Halpert has failed to allege with the necessary particularity that it would have been futile to have made a demand on the Board.[1]

The previously dismissed complaint contained allegations relating to J.P. Morgan Chase's transactions with the Enron Corporation. The Second Amended Complaint includes supplemented allegations relating to Enron, as well as a laundry list of newly alleged instances of purported breaches of fiduciary duties. As Halpert has characterized it, the Second Amended Complaint asserts allegations concerning:

> (a) a myriad of unlawful financial arrangements with Enron to ensure the Company's lucrative relationship with Enron[;] …

---

[1] The parties dispute whether Halpert must plead futility of demand with respect to the Board as it existed as of the date of the filing of the original complaint in this action or with respect to the Board as it existed as of the filing of the Second Amended Complaint. The Court need not reach that issue, however, because regardless of what date is operative for futility pleading purposes, Halpert has failed to satisfy the requirements of Fed. R. Civ. P. 23.1.

(b) failing to conduct due diligence that would have uncovered the extensive fraud at WorldCom in conjunction with underwriting the issuance of $18 billion in WorldCom bonds[;]…

(c) funding and thereby profiting from the illegal practice of market timing in connection with the trading of mutual funds[;] …

(d) violating National Association of Securities Dealers ("NASD") rules by making recommendations and sales of mutual funds to their customers without considering or adequately disclosing, on a consistent basis, that an equal investment in Class A shares would generally have been more economically advantageous for their customers by providing a higher overall rate of return[;] …

(e) violating Securities and Exchange Commission ("SEC"), NASD and New York Stock Exchange ("NYSE") rules by failing to adequately separate the Analyst functions of the Company from the Investment Banking business of the Company that resulted in improper influence of the Investment Banking business over analyst functions[;] …

(f) violating SEC and NASD rules in connection with the underwriting of IPOs[;] … and

(g) failing to preserve documents requested by the SEC in relation to an investigation into J.P. Morgan.

(Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss the Second Amended Complaint at 3-4); see also Second Amended Complaint. Halpert maintains that making a demand on the Board would have been futile, but the Second Amended Complaint contains allegations relating to the putative futility of demand that are substantially identical to those that the Court previously held insufficient to satisfy the particularity requirement of Fed. R. Civ. P. 23.1. See Halpert, 362 F. Supp. 2d 426.

Halpert contends that even though it has not meaningfully augmented its demand futility allegations, it has alleged a gallimaufry of new misdeeds on the part of J.P. Morgan Chase that relate not only to the Enron debacle, but also to several other corporate scandals. According to Halpert, those alleged misdeeds constitute "red flags," of which the Directors should have been aware. Halpert maintains that those "red flags" evince the futility of demand. Halpert's litany of new substantive allegations fails to demonstrate that "under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244, 253-54 (Del. 2000).

Halpert's allegations do not overcome the presumption of the business judgment rule. See Aronson, 473 A.2d at 812. Halpert has failed to "plead with particularity what obvious danger signs were ignored or what additional measures the directors should have taken." In re Baxter Int'l, Inc. Sec. Litig., 654 A.2d 1268, 1271 (Del. Ch. 1995); see also Simon v. Becherer, 7 A.D. 3d 66, 72-73, 775 N.Y.S. 2d 313 (1st Dep't 2004); In re Citigroup Inc. S'holders Litig., No. 19827, 2003 WL 21384599, at *2 (Del. Ch. June 5, 2003); see also Rattner v. Bidzos, No. Civ.A 19700, 2003 WL 22284323, at *12-13 (Del. Ch. Oct. 7, 2003); Guttman v. Huang, 823 A.2d 492, 506-07 & n.36 (Del. Ch. 2003). Indeed, Halpert never proffers more than conclusory allegations that the directors should have known about alleged wrongdoing. See In re Citigroup, 2003 WL 21384599, at *2; Fink v. Komansky, No. 03CV0388, 2004 WL 2813166, at *4-5 (S.D.N.Y. Dec. 8, 2004). In other words, the Second Amended Complaint lacks particularized allegations suggesting that any red flags were hoisted within the Board's field of vision. See In re Citigroup, 2003 WL 21384599, at *2 ("Red flags 'are only useful when they are either [waved] in one's face or displayed so that they are visible to the careful observer.").

It is beyond cavil that J.P. Morgan Chase suffered losses as a result of scandals reflected in the Second Amended Complaint. "The fact of those losses, however, is not alone enough for a court to conclude that a majority of the corporation's board of directors is disqualified from considering a demand that [J.P. Morgan Chase] bring suit against those responsible." In re Citigroup, 2003 WL 21384599, at *3. The Second Amended Complaint must be dismissed because it fails to allege with particularity the futility of making a demand on the Board.

Halpert denominated its complaint a "Shareholder Derivative Complaint" and specifically set forth that each claim is a "derivative claim." (See Second Amended Complaint ¶¶ 355-374). Accordingly, Halpert's claim pursuant to Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), is dismissed – as are Halpert's other claims – for failure to plead demand futility with

adequate particularity. See Fed. R. Civ. P. 23.1. Nevertheless, even were Halpert's claim pursuant to Section 14(a) to be construed as one brought directly rather than derivatively on behalf of J.P. Morgan Chase, it would still merit dismissal, because it merely alleges that members of the Board failed to accuse themselves of wrongdoing for allegedly being oblivious to improprieties perpetuated by others. See Koppel v. 4987 Corp., 167 F.3d 125, 133-34 (2d Cir. 1999); Field v. Trump, 850 F.2d 938, 947 (2d Cir. 1988). Given the absence of any specific allegations against any individual defendant for actively engaging in any wrongdoing, Halpert's Section 14(a) claim amounts to nothing more than an attempt to dress up an ordinary state breach of fiduciary duty claim in federal securities law clothing, a maneuver that the caselaw plainly prohibits. See Field, 850 F.2d at 947.

Defendants' motion to dismiss the Second Amended Complaint is granted in light of Halpert's failure to comply with the particularity requirement of Fed. R. Civ. P. 23.1. After several years and three complaints, Halpert has demonstrated an inability to proffer allegations substantiating demand futility. Thus, Halpert's request for leave to submit yet another amended complaint in the event of dismissal is denied, as re-pleading would be futile. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Dated:  New York, New York
        July 26, 2005

SO ORDERED

Sidney H. Stein, U.S.D.J.

5